United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRIMBLE NAVIGATION LTD.,

    Plaintiff,

    v.

RHS INC., et al.,

    Defendants.

_____/

No. C 03-1604 PJH

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS AND VACATING HEARING DATE**

    Before the court is plaintiff's motion to dismiss defendants' affirmative defenses and declaratory judgment claims, currently set for hearing on September 26, 2007. In the alternative, plaintiff seeks to certify the court's grant of summary judgment as to non-infringement for immediate appeal. The court is familiar with the issues raised by plaintiff's motion, having previously denied plaintiff's application to shorten time in connection with the present motion. Having once again reviewed plaintiff's motion, as well as defendants' opposition thereto, and based in part on its August 16, 2007 order granting defendants' motion for leave to amend their Amended Answer and Counterclaims, the court hereby DENIES in part and GRANTS in part plaintiff's motion to dismiss defendants' affirmative defenses and declaratory judgment claims.[1] The court also DENIES plaintiff's request to certify the court's summary judgment ruling of non-infringement for immediate appeal.

    Preliminarily, the court notes that defendants do not substantively oppose plaintiff's

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the September 26, 2007 hearing date is VACATED.

request to dismiss defendants' affirmative defenses. This is likely because, having already granted defendants' motion for summary judgment as to non-infringement, the court has already rendered judgment as to plaintiff's single claim of infringement against defendants. Accordingly, it stands to reason that defendants' affirmative defenses thereto are, in fact, moot. For these reasons, and in view of defendants' non-opposition to this request, the court therefore GRANTS plaintiff's motion to dismiss defendants' affirmative defenses.

With respect to plaintiff's request to dismiss defendants' counterclaims regarding invalidity and unenforceability, however, the court's conclusion is different. The parties are in agreement that the court has discretion regarding dismissal of counterclaims, once a judgment of non-infringement has been granted. See, e.g., Nystrom v. TREX Co., 339 F.3d 1459, 1468 (Fed. Cir. 1998); Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 96 (1993). Both parties, however, raise competing arguments and interests in support of differing conclusions as to whether dismissal of defendants' counterclaims is appropriate here. In making their arguments, the parties focus on whether dismissal would promote judicial economy and the public interest as a whole.

The court has balanced the parties' competing interests and determined that, on the whole, judicial efficiency and the public interest would best be served by allowing defendants' counterclaims to proceed. The counterclaims are ready to be tried, trial is imminent, and the parties are actively engaged in final pretrial preparation. Furthermore, defendants are correct that, without a final judgment with respect to the invalidity claims they assert, the threat of infringement claims against them by plaintiff, is not altogether moot. Moreover, plaintiff's argument is premised almost exclusively on the assumption that the appellate court will overrule this court's judgment of non-infringement. As defendants note, however, such an argument fails to take into account the likelihood that the appellate court will affirm this court, or the fact that, if so, judicial economy and the public interest are in fact best served by allowing all counterclaims to be decided by the appellate court at the same time as it resolves the infringement issue.

In sum, the interests of justice are best served by allowing defendants to litigate their counterclaims to completion. Accordingly, plaintiff's motion to dismiss the counterclaims is hereby DENIED.

For the same reasons, the court also concludes that judicial economy would not be served, nor would it be cost-effective, to certify for immediate appeal the court's judgment as to non-infringement. Indeed, given the proximity of the trial date, requiring the parties to proceed simultaneously with an appeal of the non-infringement judgment, and trial of defendants' counterclaims, would lead to an inefficient and unduly costly result. Accordingly, the court also DENIES plaintiff's alternative request for certification of the court's judgment of non-infringement, pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

Dated: September 17, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

3